UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALYCE L. H.,[1] | |
|         Plaintiff, | Case No. 1:24-cv-00252-DKG |
| v. | **MEMORANDUM DECISION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
|         Defendant. | |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability and disability insurance benefits. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On July 19, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on September 7, 2017. (AR 17). Her date last insured for disability benefits was December 31, 2019, meaning the period under review was September 7, 2017, through December 31, 2019. (AR 19). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on June 21, 2023, before Administrative Law Judge (ALJ) Lori L. Freund. (AR 17).[2]

After considering testimony from Plaintiff, the ALJ issued a written decision on September 15, 2023, finding Plaintiff not disabled. (AR 17-22). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was fifty-seven years of age on the alleged onset date, which is defined as an individual of advanced age. (Dkt. 15 at 4); 20 C.F.R. § 404.1563. Plaintiff has at least a high school education with past relevant work experience as a personal care assistant and caregiver. *Id.* Plaintiff claims disability due to physical and mental impairments including chronic pulmonary obstructive disease ("COPD"), tobacco dependence, and a history of hypertension. (AR 19).

---

[2] The hearing was conducted telephonically, per Plaintiff's agreement prior to the hearing. (AR 17, 124).

**MEMORANDUM DECISION AND ORDER - 2**

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2019. (AR 19). The ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of September 7, 2017, through her date last insured of December 31, 2019. *Id*. At step two, the ALJ determined Plaintiff suffers from the following medically determinable impairments: COPD, tobacco dependence, and history of hypertension. *Id*. However, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months, and therefore determined Plaintiff's COPD, tobacco dependence, and history of hypertension to be non-severe. *Id*. As such, the ALJ at step two found Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from September 7, 2017, the alleged onset date, through December 31, 2019, the date last insured. (AR 22).

**MEMORANDUM DECISION AND ORDER - 3**

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

The sole issue raised on appeal is whether the ALJ erred by finding Plaintiff's COPD to be a non-severe impairment and ending the sequential inquiry at step two. (Dkt. 15 at 9). In order to obtain disability insurance benefits, Plaintiff must establish disability before the date last insured. *See* 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520. The burden of proof on this issue is on the plaintiff. *See Morgan v. Sullivan*, 945 F.2d 1079, 1080-81

(9th Cir. 1991). In this case, Plaintiff's date last insured is December 31, 2019, meaning Plaintiff must establish disability before that date. (AR 19). To best address Plaintiff's argument, the Court shall briefly review the applicable rules and the ALJ's findings at step two.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant suffers from a "severe" impairment or combination of impairments. *Smolen v. Chater*, 80 F.3d 1273, 1290-91 (9th Cir. 1996). In general, "[t]he step-two inquiry is a de minimis screening device to dispose of meritless claims." *Id.* at 1291; *see also Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) ("Our narrow application . . . places us in good company: nine other circuits have also announced that they view step two as requiring no more than a de minimis showing."). "[A]ny impairment or combination of impairments which significantly limits [a person's] physical or mental ability to do basic work activities" is considered "severe." 20 C.F.R. § 404.1520(c). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1273 (citation omitted). "An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quotation marks omitted). In determining the severity of impairments, the ALJ considers the claimant's testimony, treatment notes, imaging, reports of daily activities, opinion evidence, and any other statements or observations in the record. 20 C.F.R. § 404.1529(a).

**MEMORANDUM DECISION AND ORDER - 5**

Here, at step two, the ALJ initially noted that Plaintiff did not submit an adult function report for review, but she testified at the hearing that during the relevant period, going up and down stairs was difficult due to her COPD, and she suffered from associated shortness of breath. (AR 20, 40). She testified to needing handrails when using stairs, and that she could stand for 20 to 25 minutes before she would have to stop and rest for 10 minutes. (AR 20, 40. 44-45). She further testified to having difficulty breathing while performing household chores and shopping. (AR 20, 41).

The ALJ acknowledged that Plaintiff was diagnosed and treated for COPD and tobacco dependence disorder and underwent spirometry testing showing abnormal findings. (AR 21, 306-11, 312-18). However, the ALJ found that prior to her date last insured of December 31, 2019, Plaintiff's COPD had significantly improved with inhaler and nebulizer treatments. (AR 21, 301-05, 306-11, 312-18). Plaintiff's respiratory examination findings were only significant for signs of mild wheezing and her blood oxygen levels were within the safe range. (AR 21, 297, 308, 315-16). The ALJ also noted that Plaintiff continued to smoke up to one pack per day, suggesting that her breathing problems were not as significant as she alleged. (AR 21, 301-05). The ALJ found that Plaintiff's medically determinable impairments could have reasonably been expected to produce some of the alleged symptoms, however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were inconsistent with her longitudinal treatment record and the objective evidence as a whole. (AR 20-21). The ALJ ultimately determined that because Plaintiff's COPD significantly improved with

treatment, it was non-severe, causing no more than minimal limitations in her ability to perform basic work functions. (AR 21).

The ALJ then evaluated the applicable medical opinion evidence, finding the state agency consultant's opinion that Plaintiff did not have a severe physical impairment prior to her date last insured to be persuasive. (AR 21, 48). The ALJ found the opinion to be supported with an in-depth explanation, including the consultant's finding that since the evidence was insufficient for a proper assessment of severity of the alleged impairments, it was appropriate to conclude that they were not severe as of the date last insured. *Id*. The ALJ also found the opinion to be consistent with Plaintiff's treatment record noting her COPD significantly improved with inhaler and nebulizer treatment, along with signs of only mild wheezing and blood oxygen levels in a safe range. (AR 21, 297, 301-05, 306-11, 312-18).

The ALJ also evaluated the opinion of Plaintiff's treating medical provider, Amie Scheinost, ARNP, and found it to be unpersuasive. (AR 22). The ALJ summarized Scheinost's April 2023 opinion regarding Plaintiff's impairments, which opined that Plaintiff would be off-task more than 25% of the work-day, would be absent more than four days per month due to her impairments or treatment, could lift/carry 20 pounds occasionally and 50 pounds rarely, could stand/walk for less than one hour in an eight hour work day, could occasionally reach overhead, and included some additional postural and environmental limitations. (AR 22, 398-401). The ALJ found Scheinost's opinion to be unsupported because it lacked an analysis of Plaintiff's functioning during the relevant period and was made more than three years after Plaintiff's date last insured. *Id*. Further,

**MEMORANDUM DECISION AND ORDER - 7**

Scheinost did not initially begin treating Plaintiff until November 2021, almost two years after her date last insured. *Id*. The ALJ also found the opinion to be inconsistent with Plaintiff's treatment record noting her COPD significantly improved with inhaler and nebulizer treatment, and signs of only mild wheezing and blood oxygen levels within the safe range. (AR 22, 297, 301-05, 306-11, 312-18).

Following a thorough review of the record and the ALJ's decision, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff did not have a severe impairment or combination of impairments prior to her date last insured. *See Szmania v. Kijakazi*, 2023 U.S. App. LEXIS 24774, at *2 (9th Cir. 2023). The ALJ here acknowledged that Plaintiff's COPD was a medically determinable impairment, but ultimately found that it did not significantly limit her ability to perform basic work activities during the period at issue.

Importantly, the medical evidence in the record supports the ALJ's evaluation of Plaintiff's COPD as a non-severe medically determinable impairment. ALJs take into account subjective symptoms in assessing severity, *Smolen*, 80 F.3d 1273, 1290 (9th Cir. 1996), but "medical evidence alone is evaluated . . . to assess the effects of the impairment(s) on ability to do basic work activities." SSR 85-28, 1985 SSR LEXIS 19, 1985 WL 56856, at *4; *Webb*, 433 F.3d at 687; *Smolen*, 80 F.3d at 1290 (an impairment or combination thereof may properly be found not severe if the clearly established objective medical evidence shows only slight abnormalities that minimally affect a claimant's ability to do basic work activities). "If a claimant has submitted evidence of a severe impairment, we analyze an ALJ's step-two denial by asking 'whether the ALJ had

substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments.'" *Glanden*, 86 F.4th at 844 (alteration in original) (quoting *Webb*, 433 F.3d at 687). "An inconclusive medical record precludes denial at this step." *Id.*

Plaintiff's assertion that the medical record here is inconclusive and instead demonstrates that her COPD should have been deemed severe at step two is unavailing. Plaintiff alleges the ALJ failed to evaluate her COPD from the alleged onset date of September 2017 until the earliest record cited to by the ALJ from May 10, 2019. (Dkt. 15 at 12); (AR 21). However, after review of the record, the Court is not aware of any evidence of medical treatment in the record prior to April 24, 2019, nor does Plaintiff point to any from the period at issue in her briefing that the ALJ failed to consider. (Dkt. 15 at 12-13); (AR 290-324). It is unclear what objective medical evidence Plaintiff believes the ALJ failed to evaluate prior to April 24, 2019, as there is no corresponding evidence identified in the record.[3] The ALJ looks at the medical evidence to determine whether Plaintiff's COPD should be considered severe at step two, and Plaintiff does not specify which evidence, if any, from that time period supports the argument that her COPD was a severe impairment. (*Lair-Del Rio v. Astrue*, 380 Fed. Appx. 694, 696 (9th

---

[3] Plaintiff points to medical evidence from 2021 and 2022, arguing that she was exhibiting listing level COPD symptoms, using her rescue inhaler or nebulizer three to four times per day, and using at-home oxygen for shortness of breath. (Dkt. 15 at 13). However, the period at issue is Plaintiff's alleged onset date in 2017, until her date last insured of December 31, 2019, meaning that records dated years after that period have little relevance on the ALJ's evaluation. *Lair-Del Rio v. Astrue*, 380 Fed. Appx. 694, 696 (9th Cir. 2010) (finding medical records pertaining to treatment after the date last insured did not satisfy the plaintiff's burden to prove disability).

**MEMORANDUM DECISION AND ORDER - 9**

Cir. 2010) (where there are no contemporaneous records and no evidence of treatment by a health care professional during the relevant time period, the burden of proof remains with the claimant to prove disability before expiration of disability insured status).

Although an ALJ has a duty to "fully and fairly develop the record," *Smolen*, 80 F.3d at 1288, this duty "is triggered only when there is ambiguous evidence," or by the ALJ's own finding that "the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). This duty does not allow a claimant to shift the burden of proving disability to the ALJ. *See id.* at 459. The burden of proof remains with the claimant at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

Plaintiff appears to merely dispute the weight the ALJ afforded to the objective medical evidence in the record regarding her COPD. Again, the ALJ recognized that Plaintiff underwent spirometry testing which showed abnormal findings.[4] (AR 21, 306-

---

[4] Plaintiff argues that she met the 3.02 listing level for chronic respiratory disorders based on her May 2019 spirometry testing. (Dkt. 15 at 12). One way for a claimant to meet listing 3.02 is by having a forced expiratory maneuver value ("FEV1") at or below the listing level based on age, gender, and height under 3.02A. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 3.02(A) (Listing 3.02). However, the listing explains that if a claimant's FEV1 is less than 70 percent of their predicted normal value, the claimant is required to repeat spirometry testing after inhalation of a bronchodilator to allow the ALJ to evaluate the claimant's respiratory disorder under the listing. If the claimant does not have post-bronchodilator spirometry testing, the provider must explain why, and those results may be used when the use of bronchodilators is medically contraindicated. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 3.00E.2.b; https://www.ssa.gov/disability/professionals/bluebook/3.00-Respiratory-Adult.htm#3_02. The ALJ here did not evaluate whether Plaintiff met the 3.02 listing at step three, because the ALJ ended the evaluation at step two. But even if the ALJ had moved on to step three, Plaintiff's FEV1 test results are from pre-treatment or pre-bronchodilator testing. (AR 316). The FEV1 result that Plaintiff points to was pre-treatment and 41% of her predicted value, meaning that a bronchodilator should have been used before repeat spirometry testing occurred, in order to get a post-treatment FEV1 reading that the ALJ

10, 312-18). However, the same records demonstrated that Plaintiff's COPD had significantly improved with inhaler and nebulizer treatment. (AR 21, 301-05, 306-10, 312-18). Notably, Plaintiff told her provider that her COPD symptoms had greatly improved on May 10, 2019, compared to her earlier visit on April 24, 2019. (AR 312, 319). Plaintiff reported feeling short of breath prior to her appointment, but such symptom was resolved with use of her inhaler. (AR 312). Additionally, while the smoke in the air on August 7, 2019, was causing Plaintiff increased symptoms, she was using her nebulizer as needed, her oxygen level was in the safe range, her respiratory exam was normal, and her COPD was found to be improved. (AR 307-10). Plaintiff's next visit on November 10, 2019, noted that Plaintiff reported using her albuterol inhaler less and less, and had no exertional chest pain or worsening of her breathing. (AR 301). Substantial evidence supports the ALJ's finding that an impairment is not severe when medical records show the impairment is improved and controlled with treatment. *See Huff v. Astrue*, 275 F. App'x 713, 717 (9th Cir. 2008); *Kenneth K. v. Berryhill*, 2018 U.S. Dist. LEXIS 219057, 2018 WL 6991256, at *4 (D. Or. Dec. 19, 2018), report and recommendation adopted by, 2019 U.S. Dist. LEXIS 4579, 2019 WL 165700 (D. Or. Jan. 10, 2019).

Plaintiff points to the same records discussed by the ALJ but argues they demonstrate that her COPD caused more than minimal limitations on her ability to

---

could consider under the listing. (AR 316-17; Dkt. 15 at 12). The treatment record cited to by Plaintiff does not provide post-bronchodilator spirometry results or explain why none were provided. (AR 316-17); *see also James S. v. Saul*, 2021 U.S. Dist. LEXIS 77117, at *42-43 (D. Alaska Apr. 22, 2021).

**MEMORANDUM DECISION AND ORDER - 11**

complete work related activities. (Dkt. 15 at 12-13). Though Plaintiff's COPD is well documented in the available treatment records, and the ALJ found it to be a medically determinable impairment, there is no indication from the records of her COPD resulting in any significant limitations during the period at issue. (AR 301-324). While Plaintiff identifies portions of the record that describe her symptoms and the diagnoses she received, a diagnosis does not itself demonstrate "severe impairment." *See* 20 C.F.R. § 404.1520(c) (requiring an "impairment or combination of impairments" that is "severe"). Plaintiff's alternative interpretation of the evidence fails to demonstrate that the ALJ erred, given that the ALJ's conclusion that Plaintiff's COPD was non-severe is found to be supported by substantial evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record . . . and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision[.]") (internal citations omitted).

Plaintiff makes a passing argument that the ALJ finding Plaintiff's oxygen levels to be in the "safe range" was an impermissible interpretation of the objective medical evidence. (Dkt. 15 at 13). Plaintiff here "ignores that consideration of medical records is part and parcel of what an ALJ is supposed to do." *Patterson v. Saul*, 812 F. App'x 506, 508 (9th Cir. 2020) (unpublished); *see also Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) ("ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work"). Notably, even if the Court were to

**MEMORANDUM DECISION AND ORDER - 12**

agree with Plaintiff that the ALJ's evaluation of Plaintiff's oxygen levels was error, the ALJ provided multiple other reasons to support the finding that Plaintiff's COPD was non-severe.

The Court recognizes it is relatively rare for an ALJ to deny a claim at step two. While the Ninth Circuit has noted that an ALJ's evaluation at step two is a de minimis standard designed to dispose of meritless claims, to be considered severe, an impairment is required to significantly limit a claimant's ability to perform work related activities. *See* 20 C.F.R. § 404.1520(c). Plaintiff contends that *Glanden v. Kijakazi* is instructive to the facts of her case here. 86 F.4th at 844; (Dkt. 19 at 2). However, the claimant in *Glanden* had a complete lack of treatment during the period at issue, explaining that such treatment gap was due to his inability to pay. *Id*. Further, there was persuasive medical opinion evidence finding that based on the claimant's records, it would be expected that he experienced symptoms severe enough to require treatment during the relevant period. *Id*. at 844-45. In contrast, Plaintiff provides no explanation for her lack of treatment prior to April 2019 (Dkt. 15, 19), there are numerous treatment notes from within the period at issue finding Plaintiff's COPD to be improved with treatment (AR 301-324), and neither of the medical opinions found Plaintiff's COPD to be severe during the period at issue (AR 47-49, 398-401).

Plaintiff also takes issue with the state agency medical consultant's finding that there was insufficient evidence to support Plaintiff's COPD being identified as a severe impairment. (Dkt. 15 at 11); (AR 21, 48). The ALJ found the opinion of the state agency consultant, that Plaintiff did not have a severe physical impairment prior to her date last

insured, to be persuasive. (AR 21). The ALJ did not err by relying upon the state agency consultant's opinion and interpretation of the medical evidence in finding Plaintiff did not have any severe impairments prior to her date last insured. Even where an agency consultant "determined there was insufficient evidence to demonstrate severity," it remains Plaintiff's burden to establish an impairment that is sufficiently severe to warrant significant limitations on her ability to work. *Joseph T. v. Comm'r*, 2025 U.S. Dist. LEXIS 10172, at *6 (D. Or. Jan. 21, 2025); 20 C.F.R. § 404.1520(c); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (The "mere existence of an impairment is insufficient proof of a disability."). Again, Plaintiff's briefing does not point to any additional evidence of limitations caused by her COPD within the period at issue.

However, the ALJ's determination that Plaintiff's continued smoking, despite recommendations that she quit, suggested her COPD was not as limiting as alleged, is not entirely compelling. It is unsettled in the Ninth Circuit whether a failure to stop smoking is a reasonable basis for giving less weight to a claimant's symptom claims. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (declining to find error in assessing claimant's continued smoking in the credibility determination because four other independent bases supported the credibility determination, but noting that "[i]t [was] certainly possible that [claimant] was so addicted to cigarettes that she continued smoking even in the face of debilitating shortness of breath and acute chemical sensitivity") (citing *Batson*, 359 F.3d at 1197); *Shramek v. Apfel*, 226 F.3d 809, 812-13 (7th Cir. 2000) (noting, in dicta, that nicotine's addictive properties made it "extremely tenuous" to discredit a claimant's description of her impairments based on the claimant's

**MEMORANDUM DECISION AND ORDER - 14**

continued smoking). Further, district court cases on the issue within the Ninth Circuit are mixed. *See e.g., Heather E. v. Comm'r of Soc. Sec. Admin.*, 1:20-CV-3235-TOR, 2021 U.S. Dist. LEXIS 237988, 2021 WL 9758807 (E.D. Wash., December 13, 2021) (finding failure to stop smoking despite pulmonary symptoms was not an example of noncompliance with treatment undermining Plaintiff's credibility); *McKenzie v. Kijakazi*, No. 1:20-cv-0327-JLT, 2021 U.S. Dist. LEXIS 180323, 2021 WL 4279015, *9-10 (E.D. Cal. Sept. 21, 2021) (finding failure to quit smoking offered "limited support" to the ALJ's rejection of Plaintiff's statements); *Wheeler v. Kijakazi*, 2023 U.S. Dist. LEXIS 108856, at *14 (E.D. Cal. Jun. 23, 2023) (determining that smoking against medical advice—particularly where a condition is aggravated by smoking—undermines the credibility of a claimant's subjective complaints); *Broughton v. Astrue*, 2012 U.S. Dist. LEXIS 65227, 2012 WL 1616891 at *2 (C.D. Cal. May 8, 2012) ("plaintiff's failure... to comply with the advice to stop smoking arguably also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination").

The ALJ's reasoning here as to Plaintiff's continued smoking may be considered to be relevant when linked to an identified impairment, such as Plaintiff's COPD. *See McKenzie*, 2021 U.S. Dist. LEXIS 180323, 2021 WL 4279015, at *2, *6 (finding the claimant's severe impairments included COPD, and the ALJ found the record replete with references that the claimant had been advised to stop smoking). While it may not be error for the ALJ to consider Plaintiff's failure to stop smoking when evaluating her

**MEMORANDUM DECISION AND ORDER - 15**

symptom statements, because such an issue is unsettled within the Ninth Circuit, it is not a particularly compelling reason.

Ultimately, the ALJ supported her decision at step two with substantial evidence, and Plaintiff has not established any harmful error in her appeal. Plaintiff fails to identify evidence not considered by the ALJ that demonstrates Plaintiff's COPD was severe during the period at issue. Though Plaintiff correctly asserts that step two is a de minimis standard, clearing that low bar still requires a claimant to present evidence of a severe impairment. *Glanden*, 86 F.4th at 844. The ALJ considered the relevant medical evidence in the record and found such evidence consistent with a finding that Plaintiff's COPD was not severe.

Ultimately, the Ninth Circuit has made clear the ALJ's denial of benefits will be disrupted only if the district court determines "it is not supported by substantial evidence or is based on legal error." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). There was substantial evidence in the record clearly establishing that Plaintiff's COPD was not a severe impairment during the period at issue. *Webb*, 433 F.3d at 687 (quoting SSR 85-28)). The ALJ did not err by ending the evaluation at step two. Therefore, the Court will affirm the decision of the Commissioner.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **AFFIRMED**;

2) Judgment be **ENTERED** consistent with the above in favor of Defendant.

**MEMORANDUM DECISION AND ORDER - 16**



DATED: June 11, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 17**